UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARIA KLUS,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**ARCHDIOCESE OF NEWARK, REVEREND JOSEPH A. SCARANGELLA and JOHN DOE 1-10 and ABC CORPORATION 1-10,**<br><br>　　　　**Defendants.** | Civ. No. 2:13-cv-727 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　Presently before the Court is a motion for summary judgment filed by Defendants Archdiocese of Newark and Reverend Joseph A. Scarangella pursuant to Federal Rule of Civil Procedure 56.  The motion is unopposed.  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED**.

**I.　BACKGROUND**

　　　The following facts are undisputed.[1]  Defendant Archdiocese of Newark (the "Archdiocese") is a New Jersey religious corporation.  Cert. of Msgr. John E. Doran ¶ 3, ECF No. 4.  Non-party the Church of Immaculate Conception ("Immaculate Conception") is a separately incorporated parish operating within the Archdiocese's geographical confines.  *Id*.  Defendant Reverend Joseph A. Scarangella is the pastor of Immaculate Conception.  Cert. of Joseph A. Scarangella ¶ 2, ECF No. 4.

　　　Plaintiff Maria Klus was employed as a cook by Immaculate Conception.  Cert. of Joseph A. Scarangella ¶ 4, ECF No. 4-2.  She was terminated from that position on

---

[1] Where, as here, the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court "will accept as true all material facts set forth by the moving party with appropriate record support." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

December 19, 2010, and has not worked for Immaculate Conception since that date. Scarangella Cert. ¶¶ 5, 6.  Plaintiff never filed an a notice of claim or charge with the Equal Employment Opportunity Commission ("EEOC") or the New Jersey Division on Civil Rights in regards to that termination.  Defs.' Loc. Civ. R. 56.1 Statement of Undisputed Material Facts ¶ 7, ECF No. 4.

On December 20, 2012, Plaintiff commenced this action by filing a Complaint in New Jersey Superior Court.  In that pleading, she alleges that she "was unlawfully terminated [from her employment with the Archdiocese] by Reverend Joseph A. Scarangella . . . as a result of Plaintiff's age and nationality," in violation of the Fourteenth Amendment of the United States Constitution.  Compl. ¶¶ 3, 8, 10, ECF No. 1.  The Court wishes to make clear that Plaintiff fails to cite to any other statutory or constitutional provision as a basis for the relief sought in the pleading.

Thereafter, on February 25, 2013, Defendants removed this action to this Court, based on their assertion that Plaintiff's "Complaint purports to set forth a claim under federal law"[2] and that "[t]he applicable federal laws would be Title VII, 42 U.S. Code § 2000e, *et seq.*, with respect to nationality, and the Age Discrimination and Employment Act [("ADEA")], 29 U.S. Code § 621."  Notice of Removal, ¶ 3, ECF No. 1.  At no point has Plaintiff challenged Defendants' characterization of her claims.

The following day, on February 26, 2013, Defendants filed the present summary judgment motion, asserting that because the Fourteenth Amendment is inapplicable in this matter, and because it is undisputed that Plaintiff failed to timely exhaust her administrative remedies under Title VII and the ADEA, dismissal of this action in its entirety, with prejudice, is appropriate.   As noted earlier, the motion is unopposed.

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).

On a motion for summary judgment, the Court considers all evidence and inferences drawn therefrom in the light most favorable to Plaintiff, the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).  Moreover, Plaintiff's failure to respond to the present motion does not automatically mean summary judgment is proper. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)

---

[2] The Court notes that in light of Plaintiff's assertion that Defendants violated the Fourteenth Amendment, removal on the basis of original jurisdiction was proper.  *See* 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

2

### III. DISCUSSION

#### A. The Fourteenth Amendment

In this matter, Plaintiff claims that Defendants terminated her because of her age and nationality, in violation of the Fourteenth Amendment. That is the only statutory or constitutional provision under which Plaintiff seeks relief. The Fourteenth Amendment provides, in relevant part, that:

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

U.S. Const. Amend. XIV § 1.

And because the Fourteenth Amendment is directed at the States, it can only be violated by conduct that is fairly attributable to the State. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982). Thus, the Fourteenth Amendment offers no shield against private conduct, no matter how discriminatory or wrongful. *Id*. at 936.

In this case, it is undisputed that Defendants Archidocese and Scarangella are both private parties who in no way engaged in discriminatory conduct that can be attributed to the State. As such, the Fourteenth Amendment does not support Plaintiff's substantive claims against them. *Mauro v. Beil*, 213 Fed.Appx. 131 (3d Cir. 2007) (employees of religious charitable organization not state actors). Accordingly, summary dismissal of Plaintiff's claims against Defendants which purportedly stem from her rights under the Fourteenth Amendment is proper.

#### B. Title VII and ADEA

Furthermore, assuming that Defendants' characterization of Plaintiff's pleading is correct, and that in alleging unlawful termination based on age and nationality, Plaintiff intended to plead federal employment discrimination claims, the Court notes that both Title VII and the ADEA require a plaintiff to submit a sworn charge of discrimination to the EEOC no later than 300 days after the alleged unlawful practice occurred as a prerequisite to bringing suit in district court for violations of those statutes. 29 U.S.C. § 626 (d)(1) (ADEA); 42 U.S.C. § 2000e-5(e)(1) (Title VII). *See also Phillips v. Sheraton Society Hill*, 163 Fed.Appx. 93, 94-95 (3d Cir. 2005); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

Here, it is undisputed that Plaintiff was terminated from her position with Immaculate Conception on December 19, 2010. It is also undisputed that Plaintiff failed to file a charge of discrimination with the EEOC within 300 days after her allegedly unlawful termination. Thus, to the extent Plaintiff has asserted employment

discrimination claims arising under Title VII and the ADEA, summary dismissal of those claims is also appropriate.  *See Watson v. Eastman Kodak Co.*, 235 F.3d 851 (3d Cir. 2000).  In light of the foregoing, Defendants' motion for summary judgment will be **GRANTED**.

### IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is **GRANTED**.  An appropriate order follows.

/s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 18, 2013**